UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom,<br><br>    Petitioner,<br><br>vs.<br><br>Director, Charleston County Detention Center,<br><br>    Respondent. | C/A No. 5:17-cv-01906-RMG-KDW<br><br><br>REPORT AND RECOMMENDATION |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a local detainee appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.  Factual Background

Christopher Odom ("Petitioner") is a pretrial detainee at the Charleston County Detention Center. In the one-page Petition filed in this case, he alleges that he was charged with a crime in violation of his *Miranda* rights in April 2015 under warrant number 2015A1010201892. The Charleston County Clerk of Court's online records show that the charged crime is robbery and that Petitioner's attorney is Gregory Kenneth Voight. Voight was appointed on June 13, 2016. http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency= 10001&Casenum=2015A1010201892&CaseType=C (last consulted on Aug. 8, 2017).

In his difficult-to-read Petition, Petitioner alleges he was notified on May 15, 2015 that attorney John Kolzeski would represent him in connection with the robbery charge. He alleges

that Kolzeski was to represent him at a bond hearing on June 2, 2015, but that "the accuser" failed to appear at the hearing. According to Petitioner, he has not seen Attorney Kolzeski since that time. ECF No. 1 at 1. The online records of the Charleston County Clerk of Court contain no reference to an attorney named Kolzeski and indicate that bond was set for Petitioner on April 29, 2015. The records show that a preliminary hearing was begun on June 2, 2015 and continued on June 15, 2015, but there is no indication of what attorney represented Petitioner at those hearings. There appear to have been numerous filings and appearances by Petitioner during 2016, but there are no notations of appointment of attorneys until the reference to the appointment of Gregory Voight on June 13, 2016. The records show that Petitioner's bond was estreated on June 30, 2017, a bench warrant was issued for Petitioner's arrest on January 25, 2017, and Petitioner was arrested and detained on the warrant on July 6, 2017. *See* http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=2015A1010201892&CaseType=C (last consulted Aug. 8, 2017). Petitioner does not indicate that he has raised the alleged failure of his counsel to appear or the alleged violation of his *Miranda* rights with any court in the State of South Carolina. He asks this court to order that he be released from custody "due to default, failure to appear/failure to prosecute." ECF No. 1 at 1.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

*v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III. Discussion

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, *pretrial* petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65

F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Id.*

In *Younger v. Harris*, the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The information contained in the Petition filed in this case, supplemented by public records available online, indicates that the state criminal proceeding is ongoing. The second criteria has been addressed by the United States Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criteria in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have looked to whether procedures exist that would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to a petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see also Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed . . . would be violated" if the petitioner were forced to go to trial). When the right may be adequately preserved by orderly post-trial relief, such as by appeal or collateral review processes, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449.

Petitioner claims violations of his *Miranda* rights and problems with the effectiveness of an attorney's representation. He seeks unconditional release from confinement. His *Miranda* claim may clearly be raised in state court through a motion to suppress the warrant and/or to dismiss the charge currently pending against him. He can also bring his complaints about the attorney's representation to the attention of the state trial court judge through a pretrial motion. If the trial court denies such motions, he can raise such denial as a ground for relief in a direct appeal and/or in a post-conviction relief application. As a result, these claims are comparable to the speedy-trial claim that was involved in the *Moore* case. In *Moore*, 515 F.2d at 443, the court concluded that the federal court should abstain from considering a speedy-trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. *See also United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d at 226-27. Because Petitioner

5

can pursue his claims in state court both during and after trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger*, 401 U.S. at 43-44. Petitioner is precluded from federal habeas relief at this time and his Petition should be dismissed.

IV. Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

August 8, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).