**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Christopher Odom, | Case No.: 5:17-cv-1906-RMG-KDW |
| Petitioner, | **ORDER AND OPINION** |
| v. | |
| Director, Charleston County Detention Center, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 15) recommending that this Court dismiss Petitioner's 28 U.S.C. § 2241 habeas petition without prejudice. For the reasons set forth below, this Court adopts the R. & R. (Dkt. No. 15) as the order of the Court. The habeas petition is dismissed without prejudice.

**I. Legal Standards**

**a. *Pro Se* Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**b. Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II. Discussion

Petitioner is a local pre-trial detainee at the Charleston County Detention Center appearing *pro se*. He filed a one-page petition in this case alleging that he was charged with a crime[1] in violation of his Miranda rights in April 2015 and that he has been the victim of ineffective assistance of counsel. (Dkt. No. 1.) The Magistrate has provided a thorough summary of the facts of this case, so the Court need not repeat them in detail here. (Dkt. No. 15 at 1-2.)

In *Younger v. Harris*, the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. In the Fourth Circuit, abstention is appropriate when "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate

---

[1] A Charleston County court records serach shows that Petitioner has been charged with robbery and has been represented by Kenneth Gregory Voigt since June 13, 2016. http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=2015A1010201892&CaseType=C.

opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The Magistrate explained in the R. & R. that Petitioner is precluded from federal habeas relief at this time because his state proceedings are ongoing, he has several avenues by which to pursue his claims in state court both during and after trial, and the proceedings implicate an important state interest. (Dkt. No. 15 at 4-5.) There are no special circumstances that justify federal review because there are procedures in place to protect Petitioner's constitutional rights. (*Id.* at 5.)

Petitioner has filed Objections with the Court that are nonsensical even when given the most liberal construction possible. (Dkt. No. 22.) The Court has reviewed these Objections and determined that Petitioner has not filed any Objections that are specific to the Magistrate's R. & R. For this reason, the Court need only satisfy itself that there is no clear error on the face of the record. The Court finds that the Magistrate has correctly applied the controlling law to the facts of this case.

## III. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 15) as the order of the Court. The habeas petition is dismissed without prejudice.

## IV. Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August **23**, 2017
Charleston, South Carolina